JOHN L. BROWN, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondents.

The legislature has power to ratify a contract entered into by a municipal corporation for a public purpose which is *ultra vires ;* and thus ratified it is valid and binding.

Under the act of 1870 (chap. 383, Laws of 1870), directing the commissioners of public works in the city of New York to contract "for the regulating and grading of Tenth avenue,"etc., the commissioners entered into a contract with plaintiff " for regulating, grading and setting curb and gutter-stones," and for "flagging the sidewalks " in said avenue. The contract was not founded on sealed proposals or let after advertisement to the lowest bidder in accordance with the provisions of the charter of 1857 (§ 38, chap. 446, Laws of 1857), or of the act of 1861 (§ 1, chap. 308, Laws of 1861). In an action to recover a balance due upon the contract, after performance in good faith and according to its terms, *held,* that the portion of the contract providing for setting curb and gutter-stones and flagging the sidewalks was unauthorized by the act of 1870, but that this and the question whether the contract was subject to the limitations of the charter of 1857 and of the act of 1861, were immaterial as the contract was ratified by the act of 1871 relating to improvements in Eighth and Tenth avenues (§ 1, chap. 5, Laws of 1871); and that having thereby become a valid contract it was not affected by the subsequent act of 1872 (chap. 580, Laws of 1872) requiring the certificate of commissioners therein appointed in order to validate contracts for improving the streets, where the authority of the officer executing the contract had been exceeded or there had been a failure to comply with statutory provisions relating to the work.

*Brown* v. *Mayor, etc.*, (3 Hun, 685; 6 T. & C., 164) reversed.

(Argued November 17, 1875; decided November 23, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of defendants entered upon an order dismissing plaintiff's complaint on trial. (Reported below, 3 Hun, 685; 6 T. & C., 164.)

This action was brought to recover a balance alleged to be due and unpaid upon a contract executed by and between plaintiff and the commissioners of public works in the city of New York.

The nature of the contract and the facts pertinent to the questions discussed are sufficiently set forth in the opinion.

*John E. Develin* for the appellant. The contract was valid and binding on the defendants. (Laws 1870, chap. 383, p. 884; *People* v. *Pickney*, 32 N. Y., 377–393; Story's Prin. and Agent, § 166; Pars. on Con. [5th ed.], 81, *n; Vanada* v. *Hopkins*, 1 J. J. Marsh., 294; Story on Con. [5th ed.], § 231; 2 Kent's Com. [12th ed.], 838.) The contract, if not valid in its origin, was, subsequently to its execution, ratified by the legislature and made valid. (*Delafield* v. *State of Illinois*, 2 Hill, 159; 26 Wend., 192; Dillon on Municipal Corp., §§ 46–385; *Bk. of U. S.* v. *Dandridge*, 12 Wheat., 69, 70; *Meyer* v. *City of Muscatine*, 1 Wall., 384; *Tonnelle* v. *Hall*, 4 Comst., 140; *People* v. *Utica Ins. Co.*, 15 J. R., 380; Laws 1874, chap. 5, p. 4; *Peterson* v. *Mayor*, 17 N. Y., 449; *Hoyt* v. *Thompson*, 19 id., 218; *People* v. *Haws*, 36 Barb., 59; *Suprs.* v. *Schenck*, 5 Wall., 772; *Campbell* v. *City of Kenosha*, id., 195; *The City* v. *Lamson*, 9 id., 478; *Hasbrouck* v. *Milwaukee*, 21 Wis., 217; *Winn* v. *Macon*, 21 Ga., 275; *McMillen* v. *Boyles*, 6 Iowa, 304; *City of Atchison* v. *Butcher*, 3 Kan., 105; *People* v. *Swift*, 31 Cal., 26; *Gas Co.* v. *San Francisco*, 9 id., 453; *Allegheny City* v. *McClarkin*, 14 Penn., 81; *Thompson* v. *Lee Co.*, 3 Wall., 327.) The contract was also made valid by the action of the contract commissioners under chapter 580 of Laws of 1872. (Potter's Dwar. on Stat., 73, 74, 202, *n.* 19; *Gillett* v. *Moody*, 3 N. Y., 487.)

*James M. Smith* for the respondents. Power and authority to make a contract like the one in suit, can only be derived from the charter or by express statute. Nothing can be implied. (*Brady* v. *Mayor, etc.*, 2 Bos., 173; 20 N. Y., 312; *McSpedon* v. *Stout*, 4 Abb., 22.) When the legislalature, from whom a corporation derives its authority to act, prescribes a mode in which the act shall be performed, if not done in that manner it is a nullity. (*McSpedon* v. *Mayor*,

*etc.*, 7 Bos., 601; *Peterson* v. *Mayor, etc.*, 17 N. Y., 449; *Bliss* v. *Mattison*, 52 Barb., 349; 1 Dillon on Municipal Corp., 470, § 379; 471, § 381; *Sharp* v. *Spier*, 4 Hill, 76; Smith on Stat., §§ 676, 677.) Chapter 5, Laws of 1871, did not ratify the contract. (*Peterson* v. *Mayor, etc.*, 17 N. Y., 449; *Brady* v. *Mayor, etc.*, 20 id., 312; *Hodges* v. *Buffalo*, 2 Den., 110; 17 N. Y., 584; *Gates* v. *Hancock*, 45 N. H., 528; *Riley* v. *Philadelphia*, 60 Penn. St., 467.) Where a corporation can only act by ordinance, the ratification of its acts must be by ordinance. (*McCracken* v. *San Francisco*, 16 Cal., 591; *Piemental* v. *San Francisco*, 21 id., 356; *Cross* v. *Munstorm*, 18 N. J. Eq., 302.)

Andrews, J. Chapter 383 of the Laws of 1870, entitled "An act to make further provision for the government of the city of New York," passed April 26, 1870, contains this provision: "The commissioner of public works is hereby directed to immediately contract for the regulating and grading of the Tenth avenue, from Manhattan street to One Hundred and Fifty-fifth street."

After this act was passed, and on the 27th day of September, 1870, the commissioner of public works entered into a contract with the plaintiff "for regulating, grading and setting curb and gutter-stones in Tenth avenue, from Manhattan to One Hundred and Fifty-fifth street, and flagging the sidewalks thereof," in the manner and under the conditions specified in the contract. The plaintiff was to perform the labor and furnish the materials for the work, and to commence it within ten days after the execution of the contract, and complete it within two years. The price to be paid for each description of work was specified, and payments were to be made from time to time as the work progressed. The plaintiff, immediately after the contract was made, entered upon its execution, and completed the work within the time limited. The city paid the plaintiff, on the contract, the sum of $206,257.50, and there was due and unpaid to him at the time of the commencement of this

action, according to its terms, the sum of $90,337.50, to recover which this suit is brought. It was admitted on the trial that the contract was not founded upon sealed proposals or competitive bidding, but was let without previous advertisement or notice.

The judge, on the trial, upon the conclusion of the plaintiff's evidence, dismissed the complaint on two grounds : First. That the authority conferred upon the commissioner of public works by the act referred to was limited to making a contract for regulating and grading the avenue, and did not include power to contract for setting curb and gutterstones, and flagging the sidewalks, and that the contract being in excess of the power conferred was void ; and, second, that the power conferred on the commissioner of public works by the act was subject to the condition imposed by the charter of 1857 (Laws of 1857, § 38), and by chapter 308 of the Laws of 1861, that all contracts entered into by or on behalf of the city or by the head of any department, shall be founded on sealed proposals and let to the lowest bidder, after due advertisement, and that the contract in question having been made without a compliance with this condition precedent was void, and that there could be no recovery for work performed under it.

Upon the case as presented, it is to be assumed that the contract was entered into in good faith ; that the work was performed according to its terms, and that the sum claimed by the plaintiff is justly due to him, provided the contract was authorized. The answer does not allege any fraud in procuring the contract, and the certificate of the contract commissioners appointed under the provisions of chapter 380 of the Laws of 1872, was produced and proved on the trial, certifying that there was no fraud in the making of the contract.

The power of the governing body, or of any officer of a municipal corporation, to bind it by contract, is derived from and must depend upon the charter of incorporation, or must be found in some statute conferring it. And when the statute prescribes the mode in which municipal

powers shall be exercised, that mode must be pursued, and a contract purporting to be made by a corporation, where there is either an absence of all power or where essential prerequisites to its exercise have been disregarded, is a nullity. This doctrine is well settled and is an application of the general rule, that a principal is bound only by the authorized acts of his agent. In conformity with this doctrine it was held in *Brady* v. *The Mayor, etc.* (20 N. Y., 312), that a contract entered into by the street commissioner of the city of New York, in behalf of the city, in disregard of a statute prescribing that contracts should be let upon public competition to the lowest bidder, was void, and that no recovery could be had upon it. That part of the contract in this case which provided for setting curb and gutter-stones, and for flagging the sidewalks, was not authorized by the act of 1870. The contract authorized was one for regulating and grading the street only, and no power was conferred to enter into a contract for any other work, and so far as it assumed to provide therefor it was without legal validity.

It is claimed, however, that the authority conferred upon the commissioner of public works to contract for regulating and grading the avenue was not subject to the limitation contained in the acts of 1857 and 1861.

We do not deem it necessary to consider this question, for the reason that we are of opinion that the contract was recognized and ratified by chapter 5 of the Laws of 1871, entitled "An act in relation to the improvement of the Eighth and Tenth avenues in the city of New York," passed January 20, 1871. That act is as follows: "Section 1. The board of assessors in the city of New York are hereby authorized and directed to assess upon the property intended to be benefited, in the manner provided by law for making assessments for local improvements, the expense which has been, or shall be, actually incurred by the mayor, aldermen and commonalty of the city of New York for regulating, grading and setting curb and gutter-stones, and flagging the sidewalks in the Eighth avenue, from Fifty-

ninth street to One Hundred and Twenty-second street, in said city; also in the Tenth avenue, from Manhattan street to One Hundred and Fifty-fifth street, in said city."

The power of the legislature to ratify a contract entered into by a municipal corporation for a public purpose, which is *ultra vires*, results from its power to have originally authorized the very contract which was made. Municipal corporations are agencies of the State, through which the sovereign power acts in matters of local concern. It may confer upon them, subject to such constitutional restraints as exist, power to enter into contracts, and may annex such limitations and conditions to its exercise as, in its discretion, it deems proper for the protection of the public interests. The right to limit involves the power to dispense with limitations; and in this case, as the legislature could have authorized this contract without previous advertisement or competitive bidding, it may affirm the contract, although made originally without authority of law. The authorities are decisive upon this subject. (*In re Van Antwerp,* 56 N. Y., 261; Cooley on Const. Lim., 374, 379, and cases cited; Dillon on Munic. Corp., § 46.)

There are no express words of ratification in the act of 1871. But the intent of the legislature is to be collected from the language of the statute, applied to the subject-matter, and in view of public and notorious facts existing when the statute was enacted. It is to be observed that at the time the statute was passed, the contract in question had been made, a part of the work had been performed, the contractor was engaged in completing it, and the city had, as may be assumed from the proof, paid a considerable sum upon it. It must be presumed that the legislature was cognizant of these circumstances when they enacted the law in question.

There was no way of collecting the expenses incurred by the city, under this unauthorized contract, by local assessment, without additional legislation. So far as appears, no expense had been incurred in improving the Tenth avenue, except under this contract, and the improvement was still incomplete.

The statute provided that the expense " which had been or might be incurred " in the improvement of the avenue (using the same language in describing it as was contained in the contract), should be assessed upon the property benefited.

If the provision as to expense incurred in the improvement referred to the payments made under the contract in question as we think it manifestly did, it must, we think, be also held that the prospective expense, for which an assessment was authorized, referred to that which might be incurred in completing it. The suggestion that as there was no legal contract, no expense had been incurred, if adopted would defeat one of the purposes of the act, viz., to provide for the reimbursement to the city at large, by means of local assessments, the amount paid out of the general treasury in prosecuting the improvement.

We are of opinion that the contract in question was recognized and affirmed by the statute of 1871, and that conceding its original invalidity it was validated thereby. (*Hoyt* v. *Thompson*, 19 N. Y., 218; *Hasbrouck* v. *Milwaukee*, 21 Wis., 217.)

It having become a valid contract, the subsequent act of 1872 (chap. 580) could not affect it, and it cannot be deemed to be embraced within the provisions of that statute.

The judgment should be reversed and new trial granted, costs to abide event.

All concur.

Judgment reversed.