## GEORGE V. NEWMAN v. THE CITY OF EMPORIA.

MACADAMIZED STREET — *Collection of Tax, Enjoined.* On June 6, 1881, the city council of the city of Emporia adopted a resolution which reads as follows: "*Resolved,* That Sixth avenue from west side of Commercial street be paved or macadamized west to the west side of Merchants street, and that the clerk be instructed to advertise the same in accordance with the law governing such improvements." In pursuance of this and other resolutions which were afterward passed, these improvements were afterward made. No ordinance was passed with respect to these improvements until after they were all made, and until after taxes were levied upon the adjacent property for the payment of the same. After these taxes were levied, the plaintiff, who owned a lot which did not abut on Sixth avenue, but did abut on Commercial street, and was situated in a quarter of a block which did abut on both Sixth avenue and Commercial street, objected for the first time to said improvements and to the taxes levied upon his lot, and commenced an action against the city and the county treasurer to restrain them from collecting such taxes. Afterward an ordinance was passed by the mayor and the city council, ratifying and confirming all prior proceedings so far as they could be ratified and confirmed, and curing all irregularities and informalities in the prior proceedings so far as they could be cured. All the proceedings seem to be fair and just, and all the proceedings subsequent to the passage of the

above-quoted resolution were regular, except that the work was done and the taxes levied only under and in pursuance of resolutions passed by the city council, and was not done under or in pursuance of ordinances passed by the mayor and council. *Held*, ( 1 ) Under the circumstances of this case, the above-quoted resolution, though irregular in not expressly declaring that the improvements on Sixth avenue were necessary, would be valid, if all the other proceedings subsequent thereto were valid. But *held*, ( 2 ) the work should have been done and the taxes levied under and in pursuance of city ordinances, and that, as the work was not so done nor the taxes so levied, the taxes were void when levied, and that they could not by ordinance or otherwise be so ratified as to become valid. And therefore, *held*, ( 3 ) the taxes levied upon the plaintiff's lot must be considered as void, and he entitled to an injunction to restrain the collection of the same.

## *Error from Lyon District Court.*

ACTION brought by *Newman* against *The City of Emporia* and the county treasurer of Lyon county, to restrain them from collecting a certain special tax. Trial at the September Term, 1883, and judgment for defendants. The plaintiff brings the case to this court. The opinion states the facts.

*C. N. Sterry*, and *T. N. Segdwick*, for plaintiff in error.

*J. Harvey Frith*, city attorney, and *Buck & Feighan*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by George W. Newman in the district court of Lyon county, against the city of Emporia, a city of the second class, and William Ernst, county treasurer of said county, to restrain them from collecting a certain special tax or assessment levied upon certain real estate of the plaintiff in said city for macadamizing a portion of Sixth avenue in said city. The property of the plaintiff is a lot in the city of Emporia, 150 feet long, east and west, and 25 feet wide, north and south, and abuts on Commercial street, in that city. The block in which it is contained is 350 feet in extent, north and south, and 320 feet in extent, east and west, and the block is bounded by Sixth

avenue on the north, Commercial street on the east, Fifth avenue on the south, and Merchants street on the west, and an alley twenty feet wide runs through the middle of the block, north and south. There are fourteen lots in the block abutting on Commercial street, of which the plaintiff's lot is the seventh, counting from the north end of the block, and the south side of the lot touches the middle of the block. It will therefore be seen that the plaintiff's lot does not abut on or touch Sixth avenue, but, as before stated, abuts on Commercial street on the east, and on the alley on the west. The plaintiff's lot is numbered 159 Commercial street, and is the first lot north of the middle of the block fronting on said street. On June 6, 1881, the city council of the city of Emporia adopted a resolution which reads as follows:

"*Resolved*, That Sixth avenue, from west side of Commercial street, be paved or macadamized west to the west side of Merchants street, and that the city clerk be instructed to advertise the same in accordance with the law governing such improvements."

In pursuance of this and other resolutions which were afterward passed, these improvements were afterward made. No ordinance was passed with respect to these improvements until after they were all made, and until after taxes were levied on the adjacent property for the payment of the same. On July 7, 1882, three persons were appointed to appraise the value of the lots liable under the statute to pay for such improvements. These appraisers appraised the lots at their actual cash value, without the improvements thereon, and did not appraise them on any basis of benefits received or to be received by them as the result of the improvements of the street; and as the various lots were appraised at their actual values, they were of course appraised at different prices. The tax which the plaintiff now wishes to have enjoined was levied in accordance with this appraisement. This action was commenced on April 16, 1883. On August 23, 1883, the mayor and council of the city of Emporia passed an ordinance entitled as follows:

"An ordinance authorizing the making of certain improvements in and to certain streets, avenues and alleys in the city of Emporia, Lyon county, Kansas, and hereinafter named therein; and levying and assessing upon the property chargeable therefor taxes and assessments to pay the costs thereof, and ratifying and confirming the making of said improvements, and the several actions of the city council heretofore made and taken in the premises, and to relevy and reassess, and to levy and assess certain taxes and assessments therein named."

This ordinance contained provisions corresponding with its title. It ratified and confirmed all that had previously been done with regard to making improvements on Sixth avenue and other streets, and with regard to levying taxes to pay for such improvements, and it relevied and reassessed the tax on the plaintiff's lot. Commercial street was paved, macadamized, curbed and guttered in 1872, at the expense of the abutting lots, and the plaintiff's lot paid its share thereof. There are many other facts which we might state, but we do not think that it is necessary to state them, for no point has been made upon them. It seems to be admitted by both parties that the other facts are such that the special tax levied upon the plaintiff's lot would be legal and valid, if the proceedings already mentioned are not so irregular and informal as to render the tax illegal and void.

The plaintiff claims that the tax on his lot is void, or at least voidable, and that it should be enjoined for the following reasons: (1) He claims that the original resolution ordering the improvements to be made on Sixth avenue was informal; (2) he claims that even if this resolution were sufficient, it was still necessary afterward to order the improvements to be made by ordinance, and that such improvements cannot be made under or by virtue of resolutions alone, as he claims they were made in the present case; (3) he claims that as Commercial street, the street on which his lot abuts, has been improved and his lot has paid its share of the expense of such improvement, he cannot be required to pay any tax for the improvement of Sixth avenue, on which his

lot does not abut; (4) he claims that even if he could be required to pay any tax on his lot for the improvement made on Sixth avenue, still that the tax can be levied only to the extent of the benefits received by his property, and for such benefits only, and that any other mode of assessing the taxes on the property than in accordance with the benefits received by it is unconstitutional and void; (5) he claims that the ordinance passed by the mayor and council of the city of Emporia on August 23, 1883, is void, for the reason that it contains several separate and distinct subjects, and that the title thereto also contains several separate and distinct subjects, and is therefore in contravention of the provisions of § 9 of the second-class-city act, (Comp. Laws of 1879, ch. 19, § 9, p. 166;) (6) and his counsel, in their oral argument, also claimed that the tax is invalid for the still further reason that it was not levied on the different pieces of property at "a uniform and equal rate," in accordance with the provisions of §1, article 11 of the constitution. These are the only grounds upon which it is urged that the tax is invalid, or that the plaintiff has any right to an injunction to restrain its collection.

I. The plaintiff claims that the original resolution ordering the improvement to be made on Sixth avenue was informal, for the reason that the city council did not "declare such work or improvement necessary to be done." Now the statute in force at the time, § 75 of the second-class-city act, (Comp. Laws of 1879, ch. 19, ¶ 814,) does require that the resolution passed by the city council should "declare such work or improvement necessary to be done," but we think that the city council in effect complied with the law. When it declared that the work should be done, and instructed the city clerk "to advertise the same in accordance with the law governing such improvements," it in effect declared that the improvement was necessary, and thereby invited opposition and protest, and gave as full opportunity for the same as though it had in express terms declared that the improvement was necessary. Besides, it seems that the question is raised for the first time in this court — which is somewhat late, considering all the circum-

stances of this case—that everything was fair and just, and that this is an equitable proceeding, commenced after the work was all done, and to enjoin the collection of taxes which were levied for the payment of the work. It is possible that if a proceeding had been commenced before any work was done under this resolution, that the city council might have been enjoined from proceeding further until it passed a formal resolution declaring that the work was necessary. But no such proceeding was had, and we think it now comes too late.

II. The plaintiff, however, claims that even if the foregoing resolution were sufficient, still that it was necessary after its passage, and after the provisions of said § 75 of the second-class-city act had been complied with, for the mayor and council to pass ordinances under the provisions of § 32 of the second-class-city act, authorizing the work to be done, and prescribing the manner in which it should be done, and levying the taxes upon the adjacent property to pay for the same. Now all things necessary to be done were done, and done at the proper time, except that they were not done by ordinance, but were done only by resolution. The only irregularity urged in this connection is, that what should have been done by ordinance was done only by resolution. Now we think the same ought to have been done by ordinance. Such undoubtedly would have been regular and formal under the laws of Kansas, and we think such laws require it. (See § 75, and also § 32, of the second-class-city act.) It is true that the statutes nowhere in *express terms* require that the same must be done by ordinance; but we think they require it by the strongest inference and by necessary and unavoidable implication. It is true that the statutes in terms merely provide that cities of the second class "are authorized and empowered to enact ordinances" to make such improvements, (see said § 32,) and do not anywhere in terms provide that such improvements can be made only in pursuance of an ordinance. And the language of said § 75 is also to some extent misleading, and probably did mislead the city authorities of Emporia into doing by resolution what they should have done by ordinance. This section provides, among

other things, that when the city council has passed a resolution declaring the improvement to be necessary, and given proper notice thereof in the official newspaper of the city, then "if a majority of the resident owners of the property liable to taxation therefor shall not within twenty days thereafter file with the clerk of said city their protest against such improvement, *then* such council shall have the power to cause such improvement to be made, and to contract therefor, and to levy taxes as herein provided." The city authorities probably supposed that after they had complied with the provisions of said § 75, that "then such *council*," without the mayor or any other officer of the city, "shall have *power* to cause such improvement to be made, and to contract therefor, and to levy taxes," without observing any further formalities. We however construe this section to mean that the work shall afterward be done and the taxes shall afterward be levied in accordance with the other provisions of the second-class-city act, among which are the provisions contained in said § 32 of said act, which give authority to do these things by ordinance, and do not give authority to do the work in any other manner.

It will also be seen, by reading said § 75, that the authority to make the improvements and to levy the taxes for the payment thereof is given by said § 75, and that the other sections simply prescribe the manner of doing the work, which we think must be done by ordinance. No ordinances were passed in the present case, and therefore the work was done irregularly, and therefore we think that if a proceeding had been commenced before the work was done to restrain the city from doing the work, the city ought to have been restrained from doing the same, unless the mayor and council first passed a formal ordinance authorizing the same. But no such proceeding was commenced in the present case. The plaintiff permitted the work to proceed without objection until it was completed, and until a tax was levied upon his property to pay for the same before he commenced this action; and the defendants claim that he has commenced his action too late, and that equity will not relieve him. It does not appear that any unnecessary im-

provements were made, or •that the improvements cost more
than they were fairly worth, or that any injustice has been
done, or that any hardship has been imposed upon the plain-
tiff. All the proceedings seem to be fair and just, and all the
proceedings subsequent to the passage of the first and original
resolution seem to be regular, except merely that the work was
done and the taxes levied only under and in pursuance of res-
olutions passed by the city council, and was not done under or
in pursuance of ordinances passed by the mayor and council.
The plaintiff had the full time given him by said § 75 to "pro-
test against such improvements," but he did not do so; and
he afterward, and before the work was done, had ample time
to object to the work being done, but he did not do so; and
afterward, as before stated, the mayor and council of the city
of Emporia passed an ordinance ratifying and confirming all
the prior proceedings, so far as such proceedings could be rati-
fied and confirmed, and curing all irregularities and informal-
ities, so far as such irregularities and informalities could be
cured; and for these and other reasons the defendants claim
that the plaintiff is not entitled to an injunction to restrain the
collection of the taxes levied upon his lot.

The writer of this opinion is inclined to favor the claim of
the defendants, but the majority of the court hold otherwise,
and favor the claim of the plaintiff. We all hold that the
work should have been done and the taxes levied under and
in pursuance of ordinances, and not under or in pursuance of
resolutions; and the majority of the court hold that as the work
was not done and the taxes not levied under and in pursuance
of ordinances, but only under and in pursuance of resolutions,
the entire proceedings are utterly null and void, and that any
subsequent attempt by the mayor and council, by ordinance or
otherwise, to ratify or confirm or cure or validate these void
proceedings, is itself utterly null and void. A majority of the
court hold that the mayor and council are themselves only
agents, and in providing for street improvements to be paid
for by abutting lot-owners, can act only in strict accordance
with the powers delegated to them; and that if they act in

some other mode than that provided for by statute, as by resolution, where they should act by ordinance, their acts are utterly null and void, and cannot be subsequently ratified or confirmed by ordinance or otherwise. Indeed, it is their opinion that a different holding than this would enable the mayor and council at any time to adopt the unauthorized acts of others, in the levying of taxes, in the opening of streets, and in the making of assessments, by subsequent ordinances ratifying and approving that which had previously been done without resolution, without ordinance, and without any authority whatever. The writer of this opinion, however, does not think that any such thing as this would necessarily follow from holding that the original proceedings in this case might be ratified and cured, and the taxes made valid by a subsequent ordinance passed by the mayor and council. The writer of this opinion believes that a municipal corporation may, in a proper manner and by its proper officers, and where it would not do injustice, duly ratify and confirm whatever its duly-authorized agents or officers attempted in good faith and in its name to do, but failed simply on account of some irregularity, or informality; provided, of course, that the corporation, or its duly-authorized agents or officers, as the case may be, had the power to do the thing in the first instance.

Some of the authorities against the doctrine of ratification, in cases similar to this, are the following : *McCracken v. The City of San Francisco,* 16 Cal. 591; *Pimental v. The City of San Francisco,* 21 id. 351; *Doughty v. Hope,* 1 N. Y. 79; *Mayor, &c., v. Porter,* 18 Md. 284; *The People v. Maynard,* 15 Mich. 463; *Town of Danville v. Shelton,* 76 Va. 325; same case, 3 Am. and Eng. Corp. Cases, 458.

Some of the authorities in favor of ratification in similar cases are the following : *Holland v. San Francisco,* 7 Cal. 361; *Lucas v. San Francisco,* 7 id. 463; *People v. Swift,* 31 id. 26; *Sinton v. Ashbury,* 41 id. 525; *City to use of Lancaster v. Armstrong,* 56 Mo. 298; *Brown v. Mayor,* 63 N. Y. 239; *New Orleans v. Clark,* 95 U. S. 644.

Upon the doctrine of ratification in general, by municipal

corporations, and by the legislature for them, see Dillon's Municipal Corporations, (3d ed.,) §§ 75 to 80, and cases there cited.

For cases in favor of the remedy of injunction, see the following cases : *Starr v. City of Burlington*, 45 Iowa, 87; *Wright v. Thomas*, 25 Ohio St. 346.

For authorities against the remedy of injunction, in similar cases, see the following cases: *Tash v. Adams,* 64 Mass. 252; *Palmer v. Stumph,* 29 Ind. 329; *Hellenkamp v. City of Lafayette,* 30 id. 192; *City of Evansville v. Pfisterer,* 34 id. 36; *City of Lafayette v. Fowler,* 34 id. 140.

As to estoppel against abutting lot-owners, by participating in void proceedings for street improvements, or by acquiescence, or by silence, see *Tone's Executors v. City of Columbus,* decided by the supreme court of Ohio, October 16, 1883, 3 Am. and Eng. Corp. Cases, 644.

This court holding, as it does, that the original proceedings for making the improvements and levying the taxes are void, and that they have not been and could not be ratified or made valid by subsequent proceedings, renders it unnecessary for the court to consider any of the other questions raised by counsel.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.