Shaw v. Trenton.

THE STATE, DAVID SHAW, PROSECUTOR, v. THE COMMON COUNCIL OF THE CITY OF TRENTON.

1. When a city charter provides that all contracts for doing work, extending in amount to $200, shall be advertised for ten days in one or more daily newspapers, and shall at all times be given to the lowest bidder or bidders who shall give satisfactory proof of his or their ability to furnish the requisite materials and perform the work properly, and offer sufficient security for the faithful performance of the contract in regard to time, quality of material and work to be done, the power of the city to make such contracts is limited and can only be exercised in the prescribed mode.

2. Such provisions require competition to be permitted before a contract can be awarded.

3. Whether the lowest bidder shows the ability and offers the security prescribed must be determined by the body authorized to accept bids.

4. If the lowest bid is not rejected because of a *bona fide* determination of the lack of such qualifications in the bidder, it cannot be rejected for other extraneous causes.

5. When, under such provisions, proposals for furnishing fire hose were called for, and the advertisement stated that bidders must give a warranty " relative to durability, &c., for at least six years; bonds for the faithful fulfillment of guarantee will be required," an award to a bidder who agrees to warrant for nine years cannot be supported.

On *certiorari.*

The facts presented sufficiently appear in the opinion.

Argued at November Term, 1886, before Justices REED, MAGIE and PARKER.

For the prosecutor, *James Buchanan* and *S. H. Grey.*

For the city, *Wm. M. Lanning* and *B. Gummere.*

The opinion of the court was delivered by

MAGIE, J.   This writ has brought before us the proceedings of the common council of Trenton, awarding to the

Trenton Rubber Company a contract for furnishing the city with four thousand five hundred feet of rubber fire hose.

Ten reasons are relied on to establish a lack of power in the council to award this contract.

Prosecutor's claim, as disclosed by his reasons, is that this contract is of a kind which is required by the city charter to be opened to competition in a specified mode, and to be awarded to the lowest bidder, and which would be beyond the power of the city to enter into unless awarded according to those requirements, and that the contract awarded was not opened to competition as required, or if so, was not awarded to the lowest bidder.

The city charter was approved March 19th, 1874. *Pamph. L., p.* 385. The provisions invoked by prosecutor are contained in section 107, and require that all contracts for doing work, &c., extending in amount to $200, shall be advertised for ten days in one or more daily newspapers, &c., and " shall at all times be given to the lowest bidder or bidders who shall give satisfactory proof of his or their ability to furnish the requisite materials and perform the work properly, and offer sufficient security for the faithful performance of the contract in regard to time, quality of material and work to be done."

That the proposed contract is of a kind which falls within the purview of this section has not been questioned.

Nor has it been contended that such a contract could be made by the city without a substantial compliance with the provisions of this section. Such has been the determination of the courts of New York upon similar provisions. *Brady* v. *New York,* 20 *N. Y.* 312; *Brown* v. *Mayor,* 63 *N. Y.* 239; *Parr* v. *Greenbush,* 72 *N. Y.* 463; *Dickinson* v. *Poughkeepsie,* 75 *N. Y.* 65. The case of *Brady* v. *New York, ubi supra,* was cited with approval by the learned Chief Justice, in *Cory* v. *Freeholders,* 15 *Vroom* 445, as sustaining the doctrine that such provisions limit the municipal power to contract—a doctrine from which there seems to be but little dissent.

Shaw v. Trenton.

It has also been settled that such provisions require all such contracts to be opened to competition in the mode specified. A similar section in the charter of Elizabeth was held to prohibit the use of a patented pavement, on the ground that it required a competition in proposals, which could not be afforded where the work to be done was covered by a patent. *State, Kean, pros.,* v. *Elizabeth,* 6 *Vroom* 351.

It is, however, insisted that such provisions do not require contracts to be awarded to the person who proposes at the lowest price, but that council possesses power to determine who the lowest bidder is upon the consideration of other circumstances than the mere price proposed.

The section in question specifies two qualifications which the lowest bidder must have to be accepted. One qualification is that he shall give satisfactory proof of his ability to furnish the requisite materials and perform the work properly. The other qualification is the offer of sufficient security for the faithful performance of the contract in the particulars specified. Council may doubtless determine whether these qualifications attach to the bidder. If, when acting in good faith, they decide adversely to him, they would not be required to award him the contract though he had proposed the lowest price.

But the contention is that council may consider other circumstances than those which indicate the existence of the required qualifications. It arises on these facts : The advertisement described the size of the hose, the quality of the material and, to some extent, the mode in which it was to be put together, and asked proposals on such specifications. Numerous proposals came in offering to enter into a contract to do the work called for in the advertisement. Some offered to do the work at a lower and some at a higher price than that proposed by the successful bidder. Indeed, the successful bidder put in two bids ; one at eighty-three cents per foot and the other, which was accepted, at $1.19 per foot. Some of the bidders, not all, sent in specimens. The successful

bidder sent in a specimen, but I have been unable to discover of which bid it was shown as a specimen.

The claim is that council might compare these specimens and then determine the lowest price by reference to the comparative fitness of the specimens for use as fire hose. But such a construction would render the section of but little value when applied to such a case as this. If the advertisement had asked for samples and proposals to do work according to such samples, a different question would be presented. But here the proposals were to do the precise work called for. Council could look at any facts calculated to enable them to determine whether the bidders had the statutory qualifications. The case shows that no bid was rejected because of a determination that the bidder did not possess such qualifications. If such qualifications were not adjudged to be absent, the power of the council was circumscribed to the acceptance of the lowest bid. Protection would be afforded the city by requiring the faithful performance of the contract, and indemnity for any default by a resort to his security.

The result is that council were not justified, upon the facts above stated, in rejecting the lowest bid.

Another claim on the part of the city is made, which is based on these facts:

The advertisement calling for proposals declared " that bidders must give a warranty relative to durability, &c., for at least six years," and it required bonds for the " faithful fulfillment of this guarantee." The proposals generally offered a warranty for six years. The Trenton Rubber Company made such an offer in its proposal at eighty-three cents. In its proposal at $1.19 it states: "Although the advertisement calls for a guarantee for six years, we would state that  *  *  *  we are perfectly willing to furnish a warranty relative to durability, &c., for the term of nine years."

An explanation of the higher bid is given by one of its officers. He testifies that the hose proposed to be made under that bid is in every respect such as the advertisement called for, but that it is made by a peculiar process which produces

a much lighter, more pliable and therefore more useful hose, and also a hose of much greater durability, so that the company could safely warrant it for the longer time.

The acceptance of the bid of the Trenton Rubber Company was recommended by the committee of council, in part because of the proposed warranty for nine years.

The contention is that council had a right to look at the extent of the warranty of durability in determining who was the lowest bidder, and since hose which will last nine years will cost less in each year, at the price of $1.19 per foot, than hose which will only last six years will cost at the lowest price offered, that the bid of the Trenton Rubber Company at $1.19 per foot was in fact the lowest bid.

But the question thus raised is not presented by the case. Whether or not proposals might be invited in such mode that the term during which the durability of the work to be furnished should be warranted should enter into and become part of the bid, and so tend to affect the question as to the comparative highness or lowness of the bids, need not be considered. The proposals here were not called for in that manner. On the contrary, the advertisement plainly limited the bids to the express condition of a warranty for at least six years. Not the least intimation was given that an offer for a more extensive warranty would be received or permitted to influence the award.

In my judgment, the contract awarded with a warranty for nine years was not the contract for which proposals were asked, and therefore the competition required by section 107 of the charter was not afforded. The contract so awarded was not within the power of council because not made in the manner required. And it is plain that the award was not made to the lowest bidder of those who bid according to the requirements of the advertisement.

The proceedings brought here by this writ must therefore be set aside.