### CITY OF NEW YORK *v.* TENTH NAT. BANK.

*(Supreme Court, General Term, First Department. May 18, 1888.)*

1. BANKS AND BANKING—LOAN TO CITY—DIRECTOR'S KNOWLEDGE OF INTENDED FRAUD.
   One of the court-house commissioners of New York, representing the commissioners and the city of New York, in 1871 obtained a loan from a bank, of which he was director, for the purpose of completing the court-house. Laws N. Y. 1872, c. 9, § 2, authorized the comptroller of the city to repay all sums advanced the city or county prior to December 31, 1871. *Held,* that the city was liable for the amount, though part of the funds so obtained were fraudulently used, and the director knew that they would be so used at the time he negotiated the loan.

2. SAME—GOOD FAITH IN MAKING LOAN—REPRESENTATIONS OF CITY OFFICERS.
   A bank, in making a loan to the court-house commissioners of New York, to complete the court-house, made inquiries of the comptroller and mayor of the city relative to the advances asked for, and on their assurances made the loan. *Held,* that the bank loaned the money in good faith, though the estimates of the amount required were increased by the fraudulent enlargement by the commissioners of the bills rendered, and the commissioner negotiating the loan was a director of the bank, and knew of the fraud.

Appeal from special term, New York county; PATTERSON, Justice.

Action by the city of New York against the Tenth National Bank of New York to recover interest on balance due plaintiff. The defendant interposed a counter-claim for money advanced by it in 1871 to the county court-house commissioners. The apportionments for that year having been exhausted, the different banks made advances to enable the different departments to carry on their business. In 1872 the legislature passed an act authorizing the repayment of all sums so advanced. The court below sustained the counter-claim, and from the judgment there entered the plaintiff appealed. Laws 1872, c. 9, § 2, authorizes and requires the comptroller of the city of New York to pay back to the banks of said city the sums advanced by them prior to December 31, 1871, for the use of any of the departments or commissioners of the city or county of New York.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Simon Sterne,* for appellant. *Thomas Allison,* for respondent.

BRADY, J. It is conceded that unless the advances constituting the counter-claim were validated by an act of the legislature, they form no barrier to the success of the plaintiff. They were made to meet existing emergencies, and under the circumstances correctly stated by the learned justice presiding in the court below. The objections are chiefly that the legislature had not the power to legalize the claims, but if they had, the statute does not embrace them, inasmuch as the emergencies contemplated and considered when the statute was enacted, and of which the court can take judicial notice, were entirely different, and did not include them; and if it did, the advances were fraudulently made, and by the complicity of some of the defendant's direct-

ors, and therefore have no vitality, and cannot be enforced. The plaintiff's points are elaborate, and perhaps more than exhaustive, but they have been answered substantially and successfully by the opinion delivered in the court below, and what may be done here will be little more than a restatement of the law. It must be remarked *in limine* that the power of the legislature to legalize the claims is so well settled that a discussion of the question would not be justifiable. *Town of Guilford* v. *Supervisors, etc.*, 13 N. Y. 143; *Brewster* v. *Syracuse*, 19 N. Y. 116; *People* v. *Mitchell*, 35 N. Y. 551; *Brown* v. *Mayor*, 63 N. Y. 239, 244; *Darlington* v. *Mayor*, 31 N. Y. 164; 1 Dill. Mun. Corp. (3d Ed.) §§ 79, 80, 84; Cooley, Const. Lim. (5th Ed.) 461, 467; *Bank* v. *Davis*, 16 Barb. 188. Indeed, in the various proceedings relative to the claims, no suggestion was indulged in that any doubt existed on that subject, although the statute was necessarily the prominent element. *People* v. *Green*, (in special and general terms of this court,) 5 Thomp. & C. 376; *People* v. *Board*, Id. 382, 64 N. Y. 627. Justice BARRETT asserted the validity of the act, but imposed as a condition that the claims should be shown to be *bona fide*. *People* v. *Green, supra*. And this view was sustained on appeal from his decision. If the statute had not been considered as expressive of lawful legislative power, no further proceeding could have been had, inasmuch as there was no legal claim otherwise existing. Any attempted enforcement of it would then have been arrested *in limine*. The statute by section 2, c. 9, Laws 1872, was broad enough to comprehend all advances to or for the use of any of the departments or commissioners of the city or county of New York, without reference to any particular or especial obligations arising from any complications, embarrassments, or exigencies of the city government. The advances herein considered were made to and for the use of the commissioners of the county court-house; and this was either a city or county commission, it matters not which, within the purview of the statute. The officers of the defendant's bank, so far as they were bound to do so, made inquiries from the comptroller and the mayor as to the advances asked for, and on being assured made them. They were not bound to go beyond these sources of information. They had the right to rely upon them, and the reliance was correct as to the propriety of the expenditures covered by the advances claimed herein except as to the amount asked, which exceeded the actual indebtedness incurred by $40,000 and upwards, occasioned by fraudulent enlargement of the bills rendered by the commissioners. When, therefore, this court held the statute of 1872 applicable, and the defendant's claim enforceable if *bona fide*, it went to the verge of authority. The defendant was dealing with the authorized agents or representatives of the city, namely the comptroller, the mayor, and the county court-house commissioners, whose duty it was to know whether the advances should be allowed. Indeed, the advances made were subsequently confirmed by a payment on account of $200,000. It is true that to some extent the amount of actual expenditures by the county court-house commission was fraudulently stated by the commissioners, but the burden must fall upon the city, and not upon the persons dealing with its authorized officers. The incident mentioned was one of a gigantic conspiracy against the city treasury, which would not ordinarily be suspected, and could not well be known until disclosed by some co-worker or confidant, and was in fact kept a secret until revealed in that mode. It may be assumed as proved that Ingersoll, who represented the court-house commission, and who was a director of the defendant's bank, knew of the falsity of the amounts of the bills for which the advances were sought. This knowledge, considered with relation to the transaction, was not sufficient to involve the defendant's bank, and invalidate its claim for such advances. The learned judge in the court below has satisfactorily disposed of that question on principle and authority. The acts of a director, and his knowledge, are only destructive of the bank's interest when he acts on its

behalf. The element of agency is necessary. Here Ingersoll was acting for the city and the court-house commissioners, and aiding in obtaining money for the uses of the commission in perfecting a building of which he and his associates had the superintendence; and it was used for that purpose, although not entirely on account of the fraud mentioned. The cases cited by the learned justice in the court below sustain this doctrine as shown by him. It is not deemed essential to continue the discussion of this appeal further. The propositions mentioned embrace the major and merge the minor, and render it incumbent upon this court, for the reasons herein stated, and those given by Mr. Justice PATTERSON, to affirm the judgment. Ordered accordingly, with costs.

VAN BRUNT, P. J., and DANIELS, J., concur.