[No. 7844.]

## THE CITY OF DELTA v. LAMB.

1. *Municipal Corporations—Special Assessments*—To sustain a
special assessment by a municipal corporation express charter authority
must be produced.

——*Frontage Tax to Maintain Water Works*—The authority
granted by paragraph 71 of sec. 2655 of the General Laws of 1877 to
Municipal Corporations constructing water works, to levy a frontage
tax upon vacant lots abutting upon the streets where the mains are
laid, was taken away by the amendment of 1893. (Laws 1893, c. 160,
Rev. Stat. c. 147, sec. 6525 par 71.)

*Error to Delta District Court.*—Hon. SPRIGG
SHACKLEFORD, Judge.

Mr. FRED N. DICKERSON, for plaintiff in error.

Mr. MILLARD FAIRLAMB, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court.

In this case the trial court sustained a demurrer to the complaint, the case was dismissed and is now before us for review.

The complaint alleges that the city of Delta is a city of the second class, and owns and controls a city water-works plant. That the city adopted an ordinance on the 2nd day of December, 1909, levying a frontage tax of two dollars each on all lots or parts of lots in the city, abutting on the water mains of the city plant, for the purpose of maintaining such water system. The ordinance was set out in full. The complaint further alleges that the defendant is the owner of eleven lots within the city, fully set out, and upon which there has been, under the terms of the ordinance, levied a tax of $22.00. For a second cause of action it is alleged that a similar ordinance of the city was enacted for the year 1910, providing for a like levy upon the same lots and in like amount. The prayer was for judgment for the total of these sums.

The grounds of the demurrer are: (1) the facts stated are not sufficient to constitute a cause of action; (2) want of jurisdiction, in that the city is not authorized to bring suit for recovery of a tax assessed and levied in such case.

The first contention of the defendant below, defendant in error here, is that there is no authority for the levy of a frontage tax on lots abutting on water mains for the purpose of maintaining a city water system.

It was provided by the seventy-first paragraph of

Sec. 2655, chapter 109, general laws 1877, in so far as it
is necessary now to consider, as follows:

"SEVENTY-FIRST—All cities and incorporated
towns constructing such water or gas works are author-
ized to assess, from time to time, in such manner as they
shall deem equitable, upon each tenement or other place
supplied with water or gas, such water or gas rents as
may be agreed upon by the council or trustees, or upon
each vacant lot in front of which the pipes commonly
called 'street mains' are laid, but such vacant lots as do
not take water from such 'street mains' shall not be
assessed more than one-half as much as may be assessed
against the same amount of frontage of lots occupied by
a one-story building; and gas should be charged for by
the foot, and then only to such as use it; and at the reg-
ular time of levying taxes in each year, said city or town
is hereby empowered to levy and cause to be collected,
in addition to the other taxes authorized to be levied, a
special tax on taxable property in said city or town,
which tax, with the water or gas rents hereby authorized,
shall be sufficient to pay the expenses of running, repair-
ing and operating such works."

Later, the legislature provided for other additional
and miscellaneous powers of councils in cities and towns,
laws of 1879, page 195, as follows:

"FIFTH: To levy annually, by ordinance, and
collect a frontage tax on all lots fronting on water mains
in towns or cities having water-works owned by such
towns or cities."

This was the only provision contained in this act
relating to water-works.

By an act of 1893, chapter 160 laws 1893, the seven-
ty-first paragraph above quoted and in so far as it
relates to municipal water plants, was amended so as to
read as follows:

"Sec. 4. The seventy-first (71) paragraph of sec-

tion fourteen of said act, is amended to read as follows: SEVENTY-FIRST: All cities and incorporated towns constructing. such water, gas or electric light works are authorized to assess from time to time, in such manner as they shall deem equitable upon each tenement or other place supplied with water, gas or electric light, such water, gas or electric light rent, as may be agreed upon by the council or trustees; and gas should be charged for by the foot and electric lights by the light and then, only to such as use them, and at the regular time of levying taxes in each year, said city or town is hereby empowered to levy and cause to be collected in addition to the other taxes authorized to be levied a special tax on taxable property in said city or town; which tax, with the water or gas or electric light rents hereby authorized, shall be sufficient to pay the expenses of running, repairing and operating such works."

The question to be determined is, whether or not by the act of 1893, that part of the act of 1879, providing for the levy of the frontage tax was repealed by implication, though not in stated terms.

It will be noticed that by the said seventy-first paragraph before its amendment, city councils were authorized to assess from time to time each tenement or other place supplied with water, or each vacant lot in front of which the pipes commonly called street mains are laid, but with the restriction that such vacant lots as do not take water from the mains, shall not be assessed at more than one-half as much as the same amount of frontage on lots occupied by one-story buildings.

The act of 1879 would seem to have authorized the collection of a tax upon all lots fronting on the water mains of a municipally owned plant, without specified restriction or limitation upon the city council. ·

By the act of 1893, amending the seventy-first paragraph of sec. 2655, laws of 1877, the power to assess

is limited to a charge or rental for the use of water, and a general tax on all the taxable property within the city or town, not to exceed three mills. Thus, the right to tax lot frontage abutting on water mains, contained in the original section, was clearly taken away by the amendment of 1893.

This is so inconsistent with the provision of the act of 1879 as to be without question in conflict therewith, and being a later act upon the same subject and covering the whole of the subject of the right of such cities to tax for the maintenance of a municipally owned water-works system, must be held to have repealed the provision of the act of 1879, in relation thereto. *Lace v. People*, 43 Colo. 199, 95 Pac. 302. If this be true then there was at the time of the passage of the ordinance in question, no statutory authority therefor.

It is generally held that the power of a municipality to levy assessments depends on express provision of charter or statute and that the extent to which this power may be exercised, is to be determined by the proper construction of such provision. 28 Cyc. 1102 and authorities cited. This rule should apply with special emphasis in this state where the statutory power once existed and was later taken away.

The ordinances and the levies under them were without authority and are void. Having adopted this view it is not necessary to determine the question as to whether or not a valid special tax for local improvements may be collected in the manner attempted in this case.

The judgment is affirmed.

*Judgment affirmed.*

Decision *en banc*.