## No. 10,405.

## ELLIS, ET AL. *v.* TOWN OF LA SALLE, ET AL.

Decided November 6, 1922. Rehearing denied December 18, 1922.

Action to enjoin the construction of municipal improvements. Judgment of dismissal.

### *Reversed.*

1. MUNICIPAL CORPORATIONS—*Improvements—Notice and Hearing.* Under the provisions of section 3, chapter 151, S. L. 1899, town trustees are required to receive objections of property owners to the construction of proposed improvements, and to hear and determine the same. The statute is binding, and must be strictly complied with.

2. *Improvements—Assessments.* Assessments for municipal improvements which are made contrary to the express provisions of the statute, are void.

*Error to the District Court of Weld County, Hon. A. F. Hollenbeck, Judge.*

Mr. JAMES W. MCCREERY, Mr. DONALD C. MCCREERY, Mr. HUBERT D. WALDO, JR., for plaintiffs in error.

Messrs. PERSHING, NYE, FRY & TALLMADGE, for defendants in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFFS in error were plaintiffs in a suit to enjoin the defendants in error from proceeding with the construction of a sanitary sewer in the town of La Salle. A general demurrer to the complaint was sustained, and, the plaintiffs electing to stand upon their complaint, the cause was dismissed.

The complaint filed in behalf of the plaintiffs named, and all others similarly situated, alleged that the board of trustees of said town had given notice of intention to create a sanitary sewer district, and to construct therein a sewer; that said notice fixed a time and place at which property owners affected might file in writing their objections to the proposed action; that seventy property owners, including the plaintiffs, filed such objections; that the board of trustees "thereupon declined to receive or hear evidence on behalf of the protestants, or any of them; refused any hearing whatever, * * * and overruled all of said objections and protests without consideration of the substance or merits of said protests, or any of them"; and that after the refusal to hear said protest, the said trustees passed an ordinance providing for the construction of said sewer, an issue of bonds, and an assessment to pay the costs of said improvement, that said assessment was "to be made in proportion as the area of each piece of real estate is to the area of all real estate in the district, exclusive of public highways"; that advertisements had been made for bids and that unless restrained, the defendants

would impose an illegal exaction upon plaintiffs and subject said town to a debt in excess of the constitutional limit upon it. There were other allegations not necessary to be considered.

The demurrer admits all of the allegations heretofore mentioned, so far as well pleaded, and the questions to be considered are: First. Did the refusal of the trustees to hear evidence upon the objections render invalid the subsequent proceedings? Second. Was the proceeding invalid by reason of the fact that the assessment was to be made upon the area of the lots in violation of chapter 192, Laws of 1921, which, by section 5 repealed section 15 of the act of 1899, which authorized assessments by area?

The statute of 1921 provides that the cost of district sanitary sewers "shall be assessed by ordinance upon all real estate in the district in proportion to the actual benefits accruing to such real estate, by reason of the construction of such sewer, and in case the total cost exceeds the total benefits, such excess shall be paid from the general funds of the city."

Defendants in error contend that there could be no cause of action until the construction was completed, and an assessment made; that the property owners would then be allowed to present, and have heard, their objections to the assessment.

This ignores the statutory provision for objections before the work is finally authorized. Section 3 of chapter 151 Laws of 1899, provides for complaints and objections to be made in writing concerning proposed improvements, and for their hearing and determination. The statute requires the publication of the plan for any public improvement with considerable detail as to it, including estimated costs, etc.

This question was under consideration in *Pueblo v. Colorado Realty Co.*, 44 Colo. 590, 99 Pac. 318, where the court says of this preliminary notice:

"The published notice states to the property owners that it is the intention of the city council at some future time

by ordinance to order a public improvement, and the prescribed contents of that notice put them in possession of sufficient details concerning the same to enable them to decide intelligently whether or not they will oppose the creation of an improvement district and the construction of the proposed improvement. The first important step for the council to take is to order the improvement to be made. It was not essential that notice should be given the property holders of such intention in the first instance, because there is no constitutional provision conferring upon them the right to demand it. The purpose in requiring the city council to enter this preliminary order and the city clerk to give the preliminary notice, is to permit persons thereby affected to object, if they see fit, to the proposed improvement being made at all, and to settle, in the inception of the enterprise, the regularity of the preliminary steps antecedent to the passage of the ordinance authorizing the proposed improvement."

While, as the court says, the Legislature was under no constitutional requirement to impose these conditions upon the council, when it did so they became binding, and, under a well settled rule, must be strictly complied with. *Merritt v. Portchester*, 71 N. Y. 309, 27 Am. Rep. 47. The procedure detailed in the complaint did not constitute a hearing. *Denver v. State Inv. Co.*, 49 Colo. 244, 112 Pac. 789. The trustees, according to the complaint, failed to comply with an essential prerequisite of the proceeding.

The plaintiffs were not obliged to wait further before objecting; they were entitled, upon the case stated, to have injunctive relief as prayed for.

The complaint set out the ordinance which provided for an assessment contrary to the express provisions of the statute. Such ordinance was therefore void. *Delta v. Lamb*, 55 Colo. 483, 136 Pac. 77.

Plaintiffs in error cite a number of cases to the effect that the guaranty of the bonds of the district by the municipality increased the bonded indebtedness of the town beyond the constitutional limit, but, in view of the fact that

the judgment must be reversed for the reasons heretofore stated, we do not consider it necessary to pass upon that point. The judgment is reversed, and the cause remanded for further proceedings in harmony with the views herein expressed.

MR. JUSTICE CAMPBELL not participating.