## No. 10,675.

### DETER, ET AL. *v.* CITY OF DELTA.

#### Decided July 2, 1923.

Action to enjoin the creation of a municipal improve-ment district for paving streets.   Judgment of dismissal.

### *Reversed.*

1.   MUNICIPAL CORPORATIONS—*Improvements.*   Under the provisions of chapter 174, C. L. '21 relating to municipal improvements, property owners had the statutory right to have determined their objections and protests regarding proposed improvements, in advance of action by the city council establishing an improve-ment district.

     This is a vested right which the statute gives, and a property owner may not be divested of his appropriate remedy to en-force it.

2.   CONSTITUTIONAL LAW—*Retrospective Legislation.*   Retrospective legislation is prohibited by the Constitution.

3.   STATUTES—*Construction.*   Courts should not give effect to sections of a statute which would make them unconstitutional, if a con-struction may reasonably be put upon them that would make them valid.

4.   ACTIONS—*Right to Begin.*   The test of the right to begin an action is not to be determined as of the time when the complaint is filed, but when the alleged wrongs were committed.

5.   MUNICIPAL CORPORATIONS—*Declarations of City Attorney.*   A dec-laration of a city attorney that the city had adopted and was proceeding under a certain statute, cannot be construed to be the declaration or act of the city council, where there is noth-ing in the record to show that the council had taken such action.

6.   *Improvements—Action to Enjoin.*   Statutes concerning the formation of municipal improvement districts and issuance of bonds, considered and the present action held not to have been prematurely brought.

7.   *Improvement Districts—Territory Included.*   In the absence of specific charter or statutory authority conferring it, city

councils have no power to include in a local improvement district, property situated outside of the city limits.

8.     *Bonds—Vote of Electors.*  A statutory or charter provision adopted by a city, that no bond issue shall be made without authorization by the qualified electors, is not limited to general municipal bonds, but includes local improvement. district bonds.

*Error to the District Court of Delta County, Hon. Thomas J. Black, Judge.*

Mr. W. H. BURNETT, Messrs. FAIRLAMB & HOTCHKISS, for plaintiffs in error.

Mr. JOHN R. CHARLESWORTH, Mr. MILTON R. WELCH, Mr. C. H. STEWART, for defendant in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

PLAINTIFFS in error, plaintiffs below, resident taxpayers and owners of frontage of lots in the city of Delta, within an alleged improvement district therein for paving its streets and alleys, on April 14, 1923, brought this action in their own behalf and in behalf of other property owners similarly situated, to enjoin the city council 'from carrying out, or enforcing an ordinance which it had enacted four days before, whereby it purported to create an improvement district in the city for paving streets and alleys, and from taking the various other subsequent steps as provided by statute in such cases, and to declare such ordinance void. As grounds for the writ the complaint alleges, in substance, among other things, that before the petition was considered or passed upon by the city council, a number of frontage owners who had signed it, filed their written withdrawals with the city clerk and demanded that their names be stricken from the petition, and if the city council had granted such request and stricken the signatures, as by law it was required to do, the petition would not have been signed by a majority of the frontage, but the city council refused to act upon this re-

quest and entirely disregarded the same in violation of the rights of the petitioners; no finding of fact was made by the city council to the effect that such petition had, as signers thereto, the required frontage; that the proposed district includes a number of lots outside the territorial limits of the incorporated city, which is organized and operating as a special charter city under article XX of the Constitution of the state; that without submitting such proposal to the qualified taxpaying electors of the district for their approval, which the city charter makes imperative, the city proposes to issue a series of negotiable local street improvement bonds not to exceed $50,000 with which to pay for the improvement, and to make them a first lien on all the lots within the district, and to attach to, or make a part of, the bonds the guaranty of the city to pay the same in its corporate capacity, and thus make the bonds a contingent municipal liability to be paid out of the general fund of the city; that in due course the defendant city will thereafter, from a schedule prepared by the city engineer, determine the amount to be assessed against every lot within the district, and if the total cost of the improvement exceeds the value of the accruing benefits, the city will be required to pay the excess out of its general fund, all of which findings and conclusions are to be included in an assessing ordinance which the city council will thereafter pass as provided by law in such cases.

The trial court sustained the defendant's motion to dismiss the complaint, and from the judgment dismissing the action, plaintiffs are prosecuting this writ.

The motion to dismiss is solely upon the ground that the suit is premature, unauthorized and prohibited by the law of the state in effect at the time the complaint was filed. The statutory proceeding in question was commenced in February, 1923. At that time the applicable improvement district law was chapter 151, Session Laws of 1899, and amendments thereto, (Chap. 174, p. 2413, C. L. 1921). The procedure prescribed by that act was

followed by the city until April 9, 1923. On that day House Bill No. 156, Session Laws 1923, of the General Assembly, became a law. It is contended by the defendant that by sections 39 and 41 of the 1923 act, which it is said the defendant has adopted insofar as the same affects the matters and things set forth in the complaint, this action was prematurely brought, even though it was authorized by the act of 1899. The foregoing summary of the allegations of the complaint was made chiefly to show that unless the later statute otherwise provides, and is applicable, the plaintiffs were justified in instituting the action before the city council created the improvement district, and if the facts set out in the complaint are true, as we must assume them to be for our present purpose, the relief asked for should have been given. Under the act of 1899 property owners, affected by the proposed improvement, had the statutory right to have determined their objections and protests in advance of action by the city council in assuming to establish the district. *Ellis v. Town of La Salle,* 72 Colo. 244, 211 Pac. 104, and cases therein cited. It is true that a property owner within a proposed local improvement district has no constitutional right to notice from the power creating the district before the district is formed, and he has no right to a particular remedy; but when, as in the statute of 1899, there is a provision that he shall have notice, and a hearing of his objections and a decision thereon, before the district is formed, it is a vested right which the statute has given him, and it is binding and must be strictly complied with. He may not be divested of the appropriate remedy to enforce his rights. Indeed, the defendant does not claim that such was not the law before the 1923 act took effect. The only question, therefore, really necessary, at this time, to consider is, the meaning and effect of sections 39 and 41, c. 180, S. L. 1923, which are here inserted.

"Section 39. No action, legal or equitable, shall be brought or maintained except to enjoin the collection of assessments levied hereunder upon the grounds; first, that

notice of a hearing upon the amount of the assessment was not given as required in this act; provided any person presenting objections to the ordering authority at or before the hearing on assessments shall be deemed to have waived this ground; second, that the hearing upon the amount of the assessment as provided in this act, was not held; third, that the improvement ordered was not one authorized by this act; fourth, that the assessment levied exceeds the benefits received by the property assessed. No action shall be brought on the third or fourth ground herein mentioned, unless the objections on which such action is based shall have been presented to the ordering authority in writing as in this act required. Any action brought hereunder shall be commenced within thirty days after the passage of the assessing ordinance, or else be thereafter perpetually barred."

"Section 41. Except as in this act re-enacted, Chapter 151 of the Session Laws of Colorado, 1899, and the amendments thereto, are hereby repealed, except that any proceedings which have been heretofore commenced under said chapter, may be concluded thereunder, or when possible, such proceedings may be concluded under this act."

It should be repeated that the defendant city has not challenged the sufficiency of the complaint as stating a cause of action under the 1899 act. The district court was not called upon, and did not assume, to pass upon that question. Defendant's sole reliance is that the suit was prematurely brought. Section 39 is not happily worded. It might be that the actions prohibited thereby are limited to those whose object is an ascertainment as to whether the amount of the assessment is valid, or hearings thereon were held, or the improvement ordered was contemplated by the act, or that assessments exceed benefits. If so, none of these questions are raised, or relied upon by the plaintiffs in this action as above summarized. Color is lent to such construction, made by the plaintiffs, by the fact that section 3 of the 1899 Act, which this court in the Ellis case said entitled the property owner to in-

junctive relief prior to the passage of the creating ordinance, was substantially re-enacted in section 2 of the Act of 1923.   It is not to be presumed that the General Assembly would needlessly continue in the later act such provisions.   It would, however, be wholly useless to provide, as the 1923 Act does, that notice should be given to property owners for a hearing upon objections to the creating ordinance, which might provide for an assessment contrary to the statute, and might also violate rights not safe-guarded by section 39, and then take away from them, if the decision of the city council was adverse, the right to injunctive relief until after the assessing ordinance was passed.   But we withhold final expression of opinion as to its meaning and scope, except to say that it has no application whatever to the case before us.

Section 41 does not purport to make the later statute applicable to things done and completed under proceedings begun under chapter 151 of the earlier act.   It merely provides that proceedings which have been theretofore commenced under the previous act may be concluded thereunder, or, when possible, under the Act of 1923.   The section was intended to apply only to acts and things done or committed after the later act took effect, that is, future proceedings.   Necessarily the provisions of section 39, with reference to actions, were not intended to apply to actions brought for the enforcement and protection of rights which were given to property owners under the earlier act and which they exercised before the new act took effect.   Property rights that cannot be enforced by an action in courts are, or may be, worthless.   Retrospective legislation by our General Assembly is prohibited by our Constitution, and we should not sanction legislative acts by the city council of that character, or give effect to the two sections of the 1923 Act in question which would make them unconstitutional, if a construction may reasonably be put upon them that would make them valid. By restricting these sections to subsequent acts or proceedings in improvement districts, they may be held valid,

It would be a strange doctrine to lay down that after the city council had, on March 2, 1923, cited these plaintiffs and other property owners, to file, on April 2, protests and objections, if any they had, to the proposed ordinance creating the improvement district, and they had complied with the request and made known their objections, and the council had disregarded the same and had proceeded to, and on the same day, did, enact the creating ordinance, that a suit to protect and maintain their vested rights could not be maintained because of this subsequent legislation. The test of the right to begin the action is not to be determined as of the time when the complaint is filed, but when the alleged wrongs were committed.

There is another reason why this action was improperly dismissed. It is apparent that the city attorney realized that the Act of 1923 does not apply, unless it was adopted, or unless it was properly determined, and in the proper way, that future proceedings, theretofore begun under the 1899, should be concluded under the 1923, act. Section 40 of the 1923 act provides that if local improvements are constructed "in pursuance of this act, the same shall be made to appear in the original petition and in the ordinance authorizing the improvements." Plaintiffs contend that thereby the property owners are the ones who must determine whether proceedings shall be wholly, or in part, under this act. Whether that is so or not, we do not now decide. We shall assume, but only for our present purpose, that the city council may determine whether proceedings begun under another, may be concluded under this act. In the unverified motion to dismiss, the defendant says: "Defendant herein, hereby adopts all and singular the provisions of said House Bill No. 156 touching and concerning all and singular the matters and things set forth in plaintiffs' said complaint." A mere declaration by the city attorney, in an unverified motion, that House Bill No. 156 is "hereby adopted", that is, by the city attorney's declaration, is not the act of the city council. It is not even a statement that the city coun-

cil has taken any action whatever as to whether further proceedings, after this bill became an act, will be concluded thereunder. If the city council has, in the appropriate way, adopted this House Bill, it is not made to appear in this case, nor is there any statement that the city council has determined that future proceedings. are to be concluded under the later act. We hold that the district court erred in dismissing the suit as premature, first, because there is no showing in the record that the city council adopted the 1923 Act. Second, if it has, and was invested with such power, the proceedings up to the time that act became effective, and the rights of the parties with respect thereto, including the right to begin this action, are to be determined by the 1899 Act. As the trial court has not passed upon the sufficiency of the complaint on the theory that the Act of 1899 is controlling, but based its judgment upon the ground that the 1923 Act prohibits the beginning of this action, we express no opinion upon some of the legal issues raised by the complaint which, depending as they do upon evidence, may become immaterial. There are two questions, purely questions of law, concerning which we think it proper to express an opinion, not only for the guidance of the court upon a new trial, but to save its time and avoid unnecessary or prolonged litigation. Unless some specific charter or statutory authority confers it, the city council of Delta has not the power to include in a local improvement district property situate outside the city limits.

In its charter the city of Delta has adopted the statutes of the state, and amendments thereto, relating to the issue of bonds, "save that no bond issue shall be made without a vote of the qualified electors of the city who are taxpayers under the law, authorizing such issue." The city says that this provision is limited to general municipal bonds, which are obligations of the entire city, to be paid out of funds raised by taxation under a general levy. We do not think so. The language is "no bond issue", and that is sufficient to include local improvement district bonds. Clause "e"

of section 6, article XX of the Constitution includes as one of the powers of special charter cities: "The issuance, refunding and liquidation of all kinds of municipal obligations, including bonds and other obligations of park, water and local improvement districts." This, taken in connection with the charter provision, forbids the issuing of these improvement district bonds without the approval required by the charter. Aside from this, the guaranty by the city of payment of these local improvement bonds makes them a contingent liability of the city, and clearly requires the approval of the qualified taxpaying electors of the city before the city can issue them.

For the foregoing reasons the judgment of the district court is reversed and the cause remanded with directions to set aside its order of dismissal, and, if further proceedings be had, they be in accordance with the views expressed in the opinion.