No. 10,751.

Madrid, et al. v. City of Trinidad, et al.

Decided .December 1, 1924.

Action to enjoin proceedings in the formation of a municipal paving district. Judgment for defendant.

*Reversed.*

*On Application for Supersedeas.*

1. Municipal Corporations—*Void Ordinance—Correction—Stare Decisis.* A municipal ordinance creating an improvement district which is void, may not be corrected by amendment or subsequent proceedings relating thereto.

   The principle of stare decisis held controlling in the instant case.

*Error to the District Court of Las Animas County, Hon. A. C. McChesney, Judge.*

Messrs. Northcutt & Northcutt, for plaintiffs in error.

Messrs. McHendrie & Shattuck, for defendants in error.

*En banc.*

Mr. Justice Denison delivered the opinion of the court.

The plaintiffs in error brought suit to enjoin further proceedings in the matter of a certain paving district in the city of Trinidad. They were defeated, bring error and move for a supersedeas. Each side asked for a final decision of the case on the. motion. We handed down an opinion of affirmance and on rehearing being granted the case was fully argued.

The complaint was based on the fact that the original resolutions and ordinance, pursuant to a petition of abutting owners, declared that the paving was to be paid for by assessment of the abutting property per front foot,

according to subdivision C, c. 120, R. S. 1908, whereas the Act of 1921, in force but unpublished at the date of said resolutions and ordinance, required the assessment to be according to benefits.   This same error, we held in *Ellis v. La Salle*, 72 Colo. 244, 211 Pac. 104, made the proceedings void.

The defendants answered, and then a motion for temporary injunction was denied.   The case was then allowed to rest until February 24, 1923, when the plaintiffs filed a supplemental complaint in which they set up in haec verba an ordinance which they stated was about to be passed, which purported to assess the cost of the improvement, not per front foot, but according to benefits, as required by the later act, and they prayed for an injunction against the passage of the ordinance and the collection of the tax; thereupon defendants demurred to the complaint and supplemental complaint and the demurrer was sustained.   This is the error now complained of.   Other objections to the procedure of the city were made in the complaint but we confine our consideration to that which is argued here.

The argument of the plaintiffs in error is that the initiating resolution and ordinance were void and that therefore all the subsequent procedure was void.   The judges of one department reached the conclusion as stated in the previous opinion that the mistake in the original ordinance might be corrected by amendment and in subsequent proceedings; but, in view of the decision in *Deter v. Delta*, 73 Colo. 589, 592, 217 Pac. 67, which was not then published, in which the opinion states that when, as in the statute of 1899, there is a provision that the abutting owner shall have notice and a hearing of his objections and a decision thereon before the district is formed, it is a vested right which the statute has given him, and is binding and must be strictly complied with, we think the principle of stare decisis controls us and we must follow it. This forces the conclusion that the judgment must be reversed.   *Newman v. Emporia*, 32 Kas. 456, 4 Pac. 815; *Ellis v. La Salle, supra; Deter v. Delta, supra.*

The judgment is reversed and the cause remanded.