No. 16,580.

CERNICH ET AL. *v.* TOWN OF LITTLETON.
(239 P. [2d] 306)

Decided December 3, 1951. Rehearing denied December 24, 1951.

Mr. CHARLES A. MURDOCK, Mr. WILLIAM H. SCOFIELD, Mr. JOHN J. MORRISSEY, for plaintiffs in error.

Mr. HORATIO S. RAMSEY, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

PLAINTIFFS in error, to whom we hereinafter refer as Plaintiffs, filed this class action attacking the validity, and seeking to enjoin the enforcement, of an ordinance adopted by the trustees of the Town of Littleton, Colorado, on September 6, 1949. Plaintiffs' complaint having been dismissed, they have sued out a writ of error, seeking to have the judgment reversed.

Plaintiffs are the owners of property situated in Windermere Homes, Tract No. 1 in Littleton, Colorado.

Pertinent portions of the ordinance of which complaint is made, are as follows:

"An Ordinance Providing for the use of the Sewer Trunk Line described as Windermere Homes Trunk Line of the Town of Littleton, and the Payment of the Charges for the use of said Trunk Line and the Interest Thereon, and Declaring an Emergency.

"Whereas, the Town of Littleton, Colorado has at its expense installed a sewer trunk line to be known as the Windermere Homes Trunk Line * * * :

"Beginning at the discharge line from Windermere Homes Tract 1, thence North to Poplar Street, West to Lincoln Avenue, North to Maple Street and West to Sewer main at alley, Town of Littleton, Colorado.

"And whereas, all other sewers, sewer lines and sewer facilities of the Town of Littleton have been installed and paid for by the owners of the properties served by said sewers, sewer lines and sewer facilities, and it was intended at the time of the installation of said sewer trunk line that the district being served by said trunk line should pay to and reimburse the Town of Littleton for the cost of said trunk line.

"And Whereas, it has been determined that said sewer trunk line will serve 148 building sites, with a frontage of not to exceed 75 feet for each building site, and that

the cost of said sewer trunk line was $8,716.39 and that a just, reasonable and necessary charge for the use of said sewer trunk line is the sum of Sixty ($60.00) Dollars for each building site that can be served by said trunk line.

"Therefore, be it Ordained by the Board of Trustees of the Town of Littleton, Colorado:

## "Section I

"That for the use of the sewer or sewer trunk line known as the Windermere Homes Trunk Line, there is hereby levied and assessed against each building site now using said trunk line, or hereafter connected to any line or lines the discharge of which will flow into or through said trunk line, a just, reasonable and necessary charge which is hereby fixed and determined to be the sum of Sixty ($60.00) Dollars for each building site, occupied by a single family dwelling.

\* \* \*

## "Section III

"That in the event a tract is occupied by a two family dwelling, or by improvements other than a single family dwelling, the Board of Trustees of the Town of Littleton, Colorado shall on application fix the charge to be made for the use of said sewer trunk line by the owner or such occupancy as may be fair, reasonable and just according to the use to be made by such occupancy compared to that of a single family dwelling.

## "Section IV

"That said sum so fixed for such use, shall be due and payable within 60 days of the publication of this ordinance, and when so paid, shall constitute and be full and complete payment for the use of said sewer trunk line, and no other or additional charge shall ever be made for the use of said trunk line by the property and owner so making such payment; Provided however that in the event the occupancy of such property shall be changed from that for which the permit has been issued to that of a larger or greater use, such additional use may be charged for as provided in Section 3 hereof; and pro-

vided further that nothing herein contained shall prevent the Board of Trustees of the Town of Littleton to require the payment to said Town and its inhabitants or its successors of such reasonable amount each year *hear*after on account of the maintenance, repair and operation of the sewage system and plant, including the payment of the bonds, and interest, which additional charges shall be common and assessed against all users of the entire sewer system, or against all of the inhabitants of the Town of Littleton.

## "Section V

"That if the owner of each property heretofore connected to and using said Windermere Homes Sewer Trunk line so elects, such owner or owners may pay said sum of $60.00 or such sum as may be fixed for an enlarged use as herein provided, in consecutive monthly installments of Two ($2.00) Dollars, or more, which payment shall include the interest on deferred balances of principal at the rate of six per cent per annum.

## "Section VI

"That if such owner or owners heretofore connected to or using said Windermere Homes Sewer Trunk Line shall neglect, fail or refuse to pay said sum, or any installments of principal or interest when due, said rates and charges due therefor shall be by the Town Clerk certified to the County Commissioners of Arapahoe County, Colorado, on or before October 1st, of each year, and shall become a lien upon the real property so served by said sewer, and collected in the manner as though they were a part of the taxes assessed against such property.

\* \* \*

## "Section VIII

"The charges provided for herein when collected, shall be credited and applied to the Town's investment in the Windermere Homes Sewer Trunk Line until that account is extinguished.

"Section IX

"By reason of the fact that it is necessary for the immediate preservation of the public peace, health and safety of the inhabitants of the Town of Littleton, Colorado, this Ordinance shall take effect immediately after its passage and publication.

"Passed, approved and ordered published this sixth day of September, A. D. 1949."

The stipulation of fact discloses that at the request of Western Builders, Inc., the owners of Windermere Homes Tract No. 1, a sewer trunk line about six blocks long was started in 1946 and completed in 1947, connecting the pick-up sewer lines in Windermere Homes Tract No. 1 with the main sewer lines of the Town of Littleton. The cost thereof, amounting to $8,716.39, was paid entirely by the Town of Littleton out of funds in its sewer reserve fund and accumulations from the general tax levy in previous years.

That at all times it was intended to form a local improvement district to include said Windermere Homes, Tract No. 1 and property adjacent to said sewer trunk line, and to issue bonds and levy a tax upon property served by said line to raise funds to pay the same, but no such district was formed.

After the town trustees in office at the time this sewer trunk line was constructed had ceased to represent the Town of Littleton, the new town trustees determined "that there was no use to try to form a sewer district at that time, as the majority of the new property owners would probably not vote to bond themselves for the payment of the new sewer trunk line."

That there are at present 55 Windermere users of the sewer trunk line; that approximately 40 individuals, including the plaintiffs, purchased their respective homes in Windermere tract after the sewer line in question was constructed and sewer connections had been made with the trunk line; that none of these 40 property owners had any notice of an intention on the

part of the Town to recoup the cost of constructing the trunk line, and that each of these owners bought their homes on the representation that sewage facilities had been provided and that there were no liens or special improvements against their respective properties; that a certificate of taxes due, issued by the treasurer of Arapahoe county, did not disclose any claim or assessment in any amount arising by virtue of the construction of said sewer, or the connection of said property therewith, and that all of said 40 homes were constructed and sewer connections made prior to January 1, 1949, while the majority of such improvements were made in the year 1947.

It further was stipulated that the grantor of plaintiffs paid to the Town of Littleton a charge of $47.50 for each connection that was made between properties now owned by plaintiffs, and those similarly situated, and the sewer system, and that Windermere Homes Sewer Trunk Line is an extension of the sewer trunk lines of the Town of Littleton.

It is to be observed that in Section I of the Ordinance, the $60.00 charge is designated as a *levy* and *assessment*. It is clear from the record, and admitted by counsel for the town, that none of the statutory requirements relating to assessments for local improvement districts were complied with by the town.

█ In the stipulation of facts it is stated that no "use charge" is made elsewhere in Littleton, so that were we to regard this as a "use charge" it would not be uniform in its application to all those who use like facilities in the town, and hence is discriminatory. *Bowser v. Philadelphia*, 41 Pa. Super. 515.

█ Under the provisions of section 1, chapter 221, Session Laws of Colorado 1937, page 1031, a city or town is authorized by ordinance to fix rates and charges for connections with, and the use of, sewerage systems of such city or town, and provide means for collection of such rates and charges.

This section was expressly repealed by the Session

Laws of Colorado, 1947, section 21, chapter 238, effective May 17, 1947, insofar as the same refers to sewer or sanitation districts.

The ordinance under consideration was adopted September 6, 1949. By Section 2 (f) chapter 244, Session Laws of Colorado, 1949, effective April 18, 1949, a municipality is authorized, "To prescribe, revise and collect rates, fees, tolls or charges for the services furnished by such sewerage facilities, and in anticipation of the collection of the revenues of such sewerage facilities to issue revenue bonds to finance in whole or in part the cost of acquisition, construction, reconstruction, improvement, betterment or extension of the sewerage facilities."

 Nothing appears in the record to show that the Town of Littleton, after it had completed the Windermere sewerage extension, had done anything by way of reconstruction, improvement, or betterment of such extension. The 1949 Act, supra, conferred upon municipalities these statutory powers, and could only refer to new construction or major repairs or betterments in existing or new connections made after its passage. This statutory authority was conferred some two years after the Windermere extension had been constructed, and could not have any retrospective effect so as to give the Littleton trustees authority to levy either a tax or a rental or use charge in the instant case. *Deter v. City of Delta,* 73 Colo. 589, 217 Pac. 67.

While in the ordinance it is designated as a "use charge," it is apparent that the trustees were seeking to recoup the cost of this sewerage extension under another name. It will be noted that under the ordinance there was in contemplation, not a "use charge" to continue indefinitely during the use of the facilities, but that it may be fully discharged by payment in a lump sum or in thirty monthly installments. It is evident that the trustees sought to charge these plaintiffs for the cost of this improvement and by the terms of the ordinance made the monthly payments quite small in the apparent

hope that no protest would be made, and that because of the size of the payments involved these plaintiffs would assist in replenishing the town treasury, at least in part, for these expenditures voluntarily made by the town.

When plaintiffs, and those similarly situated, purchased their respective properties, they were already connected with the sewer system. They had neither actual or constructive notice to indicate that they would be called upon to pay for construction or use of the extension which the town had voluntarily constructed. It definitely appears that the developers of this Windermere Addition paid $47.50 to the Town of Littleton for each connection they made with the sewer, evidently through some arrangements with the authorities of the town. Under these circumstances the new town council could not exact an additional charge of $60.00 from plaintiffs and those similarly situated. It is evident from the record that the former Town Trustees, mindful that the people of the district would not bond their district to pay for the extension, resorted to this $47.50 charge for every connection made with the sewer. Under the record as made, plaintiffs and those similarly situated, were entitled to the injunctive relief for which they prayed; accordingly, the judgment of the district court is reversed and the cause remanded with direction to the trial court to grant the injunction for which application was made.