JAMES H. TASH & others *vs.* CHESTER ADAMS, Treasurer.

An injunction will not be granted under *St.* 1847, *c.* 37, to restrain the payment of money illegally voted by a town, if the petitioners have been guilty of gross laches, and knowingly have permitted others to incur liabilities in good faith, relying upon such appropriation for reimbursement.

In this commonwealth towns have no authority to expend money, or pledge their credit, to celebrate the anniversary of the surrender of Cornwallis.

PETITION under *St.* 1847, *c.* 37, filed October 18, 1851, by twenty-four tax-payers of the town of Natick, for an injunction against the defendant, as treasurer of that town, to restrain him from paying any money from the town treasury, in pursuance of two votes of the town, making appropriations for certain objects, which, with the facts of the case, are sufficiently stated in the opinion of the court.

*C. R. Train*, for the petitioners.

*J. W. Bacon*, for the respondent.

BIGELOW, J.    The petition in this case is filed pursuant to *St.* 1847, *c.* 37, § 1, which empowers this court to hear and determine in equity all cases relating to the raising and expenditure of money by towns, for any purpose not authorized by law.    The petitioners set forth two votes of the town of Natick, making appropriations of money, for objects alleged to be illegal and unauthorized, and ask for a perpetual injunction against the town and its officers, restraining the payment of any money from the treasury, and prohibiting the pledge of the credit of the town under said votes and appropriations.

It will be necessary for a just decision of the case to consider the two votes separately.    The first was passed at a meeting of the inhabitants of the town, duly called, on the 18th of September, 1851, and appropriated the sum of five hundred dollars for the celebration of the second centennial anniversary of the settlement of said town, and authorized a committee appointed to arrange the celebration, to draw from the treasury of the town an amount not exceeding that sum, to defray the expenses thereof.    It appears that this committee, acting under this vote, proceeded to make contracts

for and in behalf of the town, and expended money, and became liable to pay, on account thereof, a sum amounting to four hundred and sixty-three dollars; that the celebration took place on the 8th of October, 1851, under the sanction of the town, and that all the expenditures were made, and liabilities incurred prior to that time; that the committee acted in good faith, in strict accordance with the terms of said vote, and in the belief that the town had the legal right and power, by law, to authorize them to expend money and make contracts in behalf of the town for the purpose aforesaid. It further appears, that the petitioners in the present case were inhabitants of said town, and fully cognizant of said vote at the time it was passed, and of the proceedings of the committee under and by virtue thereof; that they took no measures to prevent said committee or said town from acting in pursuance of said vote; that they stood by and permitted said contracts to be made, the credit of the town to be pledged, and said money to be expended as aforesaid, and after said celebration had taken place, and said committee and other persons had become personally liable to pay money under said proceedings, to wit, on the 18th of October, 1851, the said petitioners made application to this court for an injunction, as above stated.

Upon these facts, we think it very clear that the petitioners are not in equity entitled to the relief which they seek. So far as relates to this vote and appropriation by the town, assuming that the purpose for which the money was appropriated was illegal, because it was one for which towns are not authorized to incur expenditures, or raise money, (upon which question we express no opinion,) nevertheless, the petitioners fail to make out a case entitling them to the interposition of this court. It is a well-established rule in equity that if a party is guilty of laches or unreasonable delay in the enforcement of his rights, he thereby forfeits his claim to equitable relief. This rule is more especially applicable to cases, where a party, being cognizant of his rights, does not take those steps to assert them which are open to him, but lies by, and suffers other parties to incur expenses and enter into engagements and contracts of a burdensome character.

2 Story on Eq. § 959 *a.* Drewry on Injunctions, 294. The facts, bearing on this part of the case as presented by the petitioners, bring it very clearly within the operation of this salutary rule. The petitioners not only failed to use due and reasonable diligence in asserting their rights and seeking a remedy, but were guilty of gross laches. With a full knowledge of the vote of the town, and the proceedings of the committee, they permitted contracts to be made, and expenditures to be incurred, not only by the committee, but by third parties, who acted in good faith relying on the credit of the town. They took no measures to enforce their rights until after the celebration had taken place, and innocent parties had come under liabilities which they would not have assumed, if the petitioners had seasonably sought redress for the impending grievance. To issue an injunction restraining the payment by the town of the bills thus incurred, would be manifestly most inequitable. So much, therefore, of the prayer of the petition as applies to the vote and appropriation of September 18, 1851, must be denied.

That part of the case which relates to the vote of the town passed October 17, 1851, appropriating the sum of five hundred dollars for the celebration of the anniversary of the surrender of Cornwallis, stands upon wholly different grounds. It is not contended that this appropriation was for a purpose for which a town can legally expend money or pledge its credit. It was clearly a violation of law, and without any sanction derived from the usages of towns in this commonwealth. The application for the injunction, having been made immediately after the vote was passed, and before any money was expended, or liabilities were incurred, in pursuance thereof, was seasonably presented. In fact, the case finds that the money actually raised and expended for the celebration, was furnished by subscription, upon the condition that it should be refunded by the town, if the decision of the present case should authorize its being drawn out of the treasury. All parties, therefore, have acted at their peril, with full and timely notice that the proceedings of the town in appropriating the money were to be drawn in question before the proper tri-

bunal. This presents a suitable case for the interposition of the court, under the powers granted by the statute, and a perpetual injunction must issue to restrain and prohibit any expenditure of money, or pledge of the credit of the town, under the vote of October 17, 1851. *Decree accordingly.*