SIMEON P. HUBBARD & others *vs.* CITY OF TAUNTON & another.

Bristol. Oct. 28, 1885. — Jan. 8, 1886. FIELD & C. ALLEN, JJ., absent.

Under the Pub. Sts. *c.* 28, § 13, authorizing the city council of a city, in a manner specified, to appropriate money, not exceeding a certain amount, for armories, for the celebration of holidays, "and for other public purposes," a city council may appropriate money for public concerts by a band.

PETITION, by ten taxable inhabitants of the city of Taunton, alleging that said city, by its city council, had voted to pay from its treasury the sum of $200 for the purpose of paying the Taun-ton Cadet Band for twelve public concerts to be given by said band in said city; that only two of the concerts had been given by said band; and that none of the money had yet been paid. The prayer of the petition was, that the city, its officers, agents, and servants, might be restrained from paying said sum of $200; and that such other orders and decrees might be made as were necessary or proper.

The case was heard and reserved by *Holmes*, J., for the con-sideration of the full court.

*L. E. White*, for the petitioners.

*F. V. Fuller*, for the respondents.

HOLMES, J. The only question presented to us is whether the Pub. Sts. *c.* 28, § 13, (St. 1861, *c.* 165,) can be interpreted to authorize a city to appropriate money for public concerts by

a band. The statute was passed just after the decision in *Hood* v. *Mayor & Aldermen of Lynn*, 1 Allen, 103, that the celebration of the Fourth of July was not among the "other necessary charges" for which towns were authorized to expend money. Pub. Sts. *c.* 27, § 10. It provided that, by a yea and nay vote of two thirds of the members of each branch present and voting, city councils might appropriate a comparatively small sum — not over one fiftieth of one per cent of the valuation for the year — for armories, "for the celebration of holidays, and for other public purposes."

The word "other" implies that the celebration of holidays is a public purpose within the meaning of the act, and indicates that purposes which are public only in that sense are included within its scope, although they look rather more obviously to increasing the picturesqueness and interest of life than to the satisfaction of rudimentary wants, which alone we generally recognize as necessary. We know of no simple and merely logical test by which the limit can be fixed. It must be determined by practical considerations. The question is one of degree. But, in reply to the petitioners' argument, we may say that, if the purpose is within the act, we do not see why the city council may not create the occasion. Taking into account the history and language of the act, the safeguards attached to the exercise of the power, the smallness of the sum allowed to be expended, and the fact that it has long been assumed to be within the power of cities to give such concerts in the open air, we are not prepared to say that a case is presented for an injunction.　　　　　　　　　　　　　　　*Petition dismissed.*